# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3520
_____

| | | |
|---|---|---|
| Jerome F. Deering-Bey, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Tom Zeller, Sheriff; Michael Carr, | * | |
| Jail Administrator; et al., | * | **[UNPUBLISHED]** |
| | * | |
| Appellees. | * | |

_____

Submitted:  July 29, 1998
Filed: August 7, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Jerome F. Deering-Bey has been a pre-trial detainee at the Linn County Jail on several occasions.  When entering that facility in February 1996, Deering-Bey requested a vegetarian diet on the ground that his Muslim religion, the Moorish Science Temple of America, so requires.  The jail initially complied but switched Deering-Bey to a non-pork diet when the jail Chaplain inquired and was advised this is the sect's only dietary restriction.  Deering-Bey then commenced this 42 U.S.C. § 1983 action, claiming that the refusal to provide a vegetarian diet and other jail policies and facility

deficiencies substantially interfered with the free exercise of his religion and violated his right to equal protection of the laws.  After an evidentiary hearing, the magistrate judge[1] recommended entry of judgment for defendants, the district court[2] adopted that recommendation, and Deering-Bey appeals.

"In a claim arising under the First Amendment's Free Exercise Clause, an inmate must first establish that a challenged policy restricts the inmate's free exercise of a sincerely held religious belief."  Brown-El v. Harris, 26 F.2d 68, 69 (8th Cir. 1994).  After careful review of the record, we agree with the district court that Deering-Bey failed to prove that any of the challenged practices or alleged facility deficiencies significantly interfered with the practice of his religion.  In this regard, his most serious claim is that he could not both honor his sincerely held religious belief that he should not eat meat and obtain an adequate diet by "eating around" the meat portions of the jail's non-pork diet.  See McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).  As the record on this nutritional issue is ambiguous, the district court's finding that Deering-Bey could avoid eating meat but still obtain an adequate diet is not clearly erroneous.  We agree with the district court that Deering-Bey's equal protection claim is without merit.  Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE PAUL A. ZOSS, United States Magistrate Judge for the Northern District of Iowa.

[2]The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa.